UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAMMY S.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5698 BAT

**ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION AND DISMISSING WITH PREJUDICE**

Plaintiff appeals the denial of her application for Supplemental Security Income. She contends the ALJ erred by (**1**) failing at step two of the sequential analysis to list rheumatoid arthritis and fibromyalgia as severe impairments; (**2**) discounting plaintiff's symptom testimony; and (**3**) discounting the lay witness statements by plaintiff's mother and plaintiff's daughter. Dkt. 14, at 1–2. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

**BACKGROUND**

Plaintiff is currently 47 years old, has a high-school education, and has worked as a demonstrator, cashier, and kitchen helper. In 2015, she applied for SSI benefits, eventually amending her alleged onset day of disability to April 1, 2015. After her application was denied initially and on reconsideration, the ALJ conducted a hearing in December 2016. Tr. 63–109.

In an October 2017 decision, the ALJ determined at step one of the five-step evaluation process that plaintiff had not engaged in substantial gainful activity since the alleged onset date, and at step two that plaintiff had five severe impairments: **degenerative joint disease of the left knee, obesity, anxiety disorder, depressive disorder, and gastrointestinal symptoms disorder**. Tr. 19. After determining at step three that those impairments did not meet or equal the requirements of a listed impairment, the ALJ assessed a **residual functional capacity ("RFC") of light work with physical, mental, and social limitations**. Tr. 22–23. The ALJ determined at step four that plaintiff could not return to past relevant work and at step five that jobs exist in significant numbers in the national economy that plaintiff can perform. Tr. 29–30. The ALJ therefore found that plaintiff was not disabled.

In April 2018, i.e., six months after the ALJ issued her October 2017 decision, plaintiff submitted additional medical records dated between February 2017 and March 2018 to the Appeals Council in order to "confirm the diagnosis of rheumatoid arthritis since February 2017." Tr. 442. Counsel provided no explanation for the tardy submission. *Id.* The Appeals Council found that the records dated from February to September 2017 did not show a reasonable probability of changing the outcome of the ALJ's decision. Tr. 2. The ALJ found that the remainder of the submitted medical records (dated March 2018) did not relate to the period at issue. Nonetheless, in denying plaintiff's request for review, the Appeals Council exhibited plaintiff's late-submitted records. *See* Tr. 39–61. The ALJ's decision stands as the Commissioner's final decision. Tr. 16–31.

## DISCUSSION

The Court will reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

*Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account of an error that is harmless. *Id.* at 1111. Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Although she advances plausible theories, plaintiff has not demonstrated that the ALJ's decision was unsupported by substantial evidence, was the result of harmful legal error, or was based on an unreasonable interpretation of the medical evidence.

**1. Step Two Consideration of Fibromyalgia and Rheumatoid Arthritis**

Plaintiff argues that the ALJ erred by failing to find at step two that fibromyalgia and rheumatoid arthritis constituted severe impairments. This argument is unpersuasive because plaintiff cannot show that any step-two error made by the ALJ was harmful.

Although plaintiff argues that the ALJ should have considered rheumatoid arthritis and fibromyalgia at step two, she fails to demonstrate that the ALJ harmfully erred in assessing RFC by failing to label those conditions as "severe." Where step two is decided in the claimant's favor, as it was in this case, any error at step two is harmless if the plaintiff cannot show that functional limitations from these impairments would have otherwise impacted the ALJ's analysis. *Buck v. Berryhill*, 869 F.3d 1040, 1048–49 (9th Cir. 2017). Plaintiff has not demonstrated that harmful error exists merely by noting that rheumatoid arthritis is a chronic condition and that fibromyalgia, by its very nature, involves a cycle of pain and fatigue. *See* Dkt. 21, at 3–4 (citing, in reply brief, the definition of fibromyalgia set forth in *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017)). Plaintiff cites the evidence submitted for the first time to the Appeals Council (evidence dated both before and after the decision) only to "confirm" that the diagnoses of rheumatoid arthritis and fibromyalgia occurred during the relevant period. Dkt. 14,

at 4 (citing Tr. 39–53). Plaintiff has identified no medical evidence that rheumatoid arthritis or fibromyalgia limited her in ways that the ALJ failed to account for in assessing RFC. The ALJ explicitly discounted the plaintiff's limitations stemming from fibromyalgia. Tr. 29. Although the ALJ referred only to osteoarthritis rather than to rheumatoid arthritis, the ALJ nonetheless rejected the severity of plaintiff's claimed limitations to her joints, referring with specificity to plaintiff's left-knee functionality and complaints about other back and joint pain. Tr. 23–29.

The Court finds to be harmless any error the ALJ committed at step two by not determining rheumatoid arthritis and fibromyalgia to be severe impairments.

### 2. Discounting Plaintiff's Symptom Testimony

Plaintiff argues that the ALJ rejected her symptom testimony without citing specific, clear and convincing reasons. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). The Court disagrees.

With respect to physical limitations, plaintiff testified that her back and joint pain, as well as fatigue, prevented her from walking more than two blocks or being able to bend. Tr. 89, 97. The ALJ discounted the severity of plaintiff's physical complaints for at least two specific, clear and convincing reasons. First, the ALJ noted that plaintiff was considered a good candidate for physical therapy and was likely to make improvements through this kind of conservative treatment. Tr. 24; *see, e.g.*, Tr. 866 (rheumatologist suggesting possible diagnosis of rheumatoid arthritis and recommending that for symptoms of fibromyalgia plaintiff engage in Tai Chi, stretching, or low-impact exercise twice daily), Tr. 934 (physical therapist noting on August 30, 2016 that "Patient demonstrates good potential to achieve established goals to address the documented impairments by participating in skilled physical therapy services."); *see Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient

to discount a claimant's testimony regarding severity of an impairment.") (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)). Second, the ALJ found that plaintiff's complaints about the severity of her physical limitations were inconsistent with daily activities such as cleaning, rearranging furniture, walking a quarter-mile to her mailbox several times a week, and attending to household chores such as loading the dishwasher regularly and doing laundry weekly. Tr. 23–24; *see, e.g.*, Tr. 348–49 (function report filled out by plaintiff), Tr. 933 (physical therapist noting on August 30, 2016: "Patient states she over[]did it cleaning and rearranging furniture yesterday[]; was down kneeling on knees[,] which really increased pain. Notes increased stiffness and locking because of this."). Because two of the ALJ's stated reasons for discounting plaintiff's testimony about physical limitations—conservative measures recommended/expected to be effective and inconsistency with daily activities—were specific, clear and convincing, the Court need not address the ALJ's other reasons for discounting plaintiff's physical-symptom testimony. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (including an erroneous reason among other reasons to discount a claimant's credibility does not negate the validity of the overall credibility determination and is at most harmless error where an ALJ provides other reasons that are supported by substantial evidence).

With respect to mental limitations, plaintiff testified that her anxiety and depression prevented her from socializing or concentrating, even during leisure activities like watching television, reading, or attending church. Tr. 90–92. The ALJ discounted plaintiff's testimony about the severity of her mental limitations because they were, among other reasons, inconsistent with her daily activities and with the medical record that demonstrated the functional ability to engage in simple, routine tasks at reasoning level 2 and with no public contact. Tr. 21–29. First,

although plaintiff referred to an inability to engage in activities such as engaging socially, watching a television program all the way through, or reading for any sustained period, Tr. 90–92, plaintiff stated that she generally spends her morning watching television and listed her "Kindle" and "grandchildren" among her hobbies. Tr. 543, 836. Second, the ALJ gave great weight to non-examining state agency psychologist Sandra L. Lundblad, Psy.D., who opined that the record demonstrated that plaintiff could do serial 3s without error, perform basic household chores, and perform simple, routine, repetitive tasks. Tr. 27, 194. Although a non-examining physician's opinion by itself may not constitute substantial evidence, here the ALJ cited the consistency of Dr. Lundblad's opinion with other record evidence, such as the exam notes of examining psychologist Peter A. Weiss, Ph.D., who noted below-average memory but enough concentration to complete serial 3s without error, and general medical treatment notes that plaintiff's short and long-term memory was intact and she was engaged in the conversation. Tr. 27, 546, 955; *see Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995). Because those two reasons—inconsistency with daily activities and with the medical record—are specific, clear and convincing, the Court need not examine the ALJ's other stated other reasons for discounting plaintiff's testimony about the severity of her mental limitations. *See Carmickle.*, 533 F.3d at 1162.

The Court finds that the ALJ's decision to discount plaintiff's symptom testimony was supported by substantial evidence and was not the result of harmful legal error.

### 3. Discounting Lay Statements by Plaintiff's Mother and Daughter

Plaintiff argues that the ALJ failed to cite germane reasons for discounting the lay statements by plaintiff's mother and daughter. *See Carmickle v. Commissioner, SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Court disagrees.

The ALJ discounted the lay statements of plaintiff's mother and daughter because they referred to a severity of symptoms that was not supported by plaintiff's own testimony. Tr. 28; *compare* Tr. 417 (mother's statement) *and* Tr. 418–19 (daughter's statement) *with* Tr. 348–49 (function report filled out by plaintiff). The ALJ discounted the statements by plaintiff's daughter about hand weakness and lower-extremity weakness as unsupported by the medical evidence. Tr. 28; *see, e.g.*, Tr. 191–92 (non-examining medical opinion regarding physical limitations). The ALJ cited germane reasons for discounting the lay statements by plaintiff's mother and daughter.

The Court finds that the ALJ's decision to discount the lay statements by plaintiff's mother and daughter was supported by substantial evidence and was not the result of harmful legal error.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 31st day of May, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge